STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     Docket No.: 12-AP-09
                                                  JCN -KEN- 7/26 2013


CHRIS AVERY,

        Petitioner

                                                  **DECISION AND ORDER**

        v.

MAINE STATE PRISON,

        Respondent


This matter is before the Court on Petitioner's request, pursuant to M.R. Civ. P.

80C, for judicial review of disciplinary measures imposed by Respondent in March 2012.

Factual/Procedural Background

The record reveals that at all pertinent times, Petitioner was an inmate at the

Maine State Prison (the Prison). On February 19, 2012, during a search of Petitioner's

cell, officers at the Prison found three pills of Adderall in Petitioner's headphones. When

questioned about the pills, Petitioner did not provide any information.

On February 14, 2012, the Maine Department of Corrections issued a "Letter of

Notification of Disciplinary Hearing," which Petitioner acknowledged receiving. The

notice informed Petitioner that he had been placed on report for committing two

disciplinary violations "A – trafficking" and "B- medications."

On February 16, 2012, the Maine Department of Corrections conducted a hearing.

The record establishes that Petitioner entered a not guilty plea to the charges. According

to the record, Petitioner offered "no comment" in response to the allegations. At the

conclusion of the hearing, the Hearing Officer concluded that it was "more likely than not

1

this prisoner is guilty, Pills found in headphones." The Hearing Officer found Petitioner guilty of "Trafficking" and "Medication," and recommended the imposition of certain disciplinary measures.

Petitioner filed an appeal to the Chief Administrative Officer from the Hearing Officer's determination. In his appeal, Petitioner asserted that he had been improperly charged with trafficking, and that he was not initially charged with the medications violation. The Deputy Warden affirmed the Hearing Officer's findings and recommendation, and denied Petitioner's appeal. Petitioner subsequently filed this request for judicial review pursuant to M.R. Civ. P. 80C.

Discussion

In an action for judicial review under M.R. Civ. P. 80C, the Court is "confined to the record upon which the agency decision was based ..." 5 M.R.S. § 11006(1) (2011). The Court must defer to the administrative agency and review the agency decision for an abuse of discretion, error of law, or findings unsupported by substantial evidence from the record. *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013. Additionally, the Court will give great deference to an agency's interpretation of a statute it is charged with administering. *Rangeley Crossroads Coal. v. Land Use Regulation Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223; *see also Arsenault v. Sec'y of State*, 2006 ME 111, ¶ 21, 905 A.2d 285 ("We defer to the Secretary's interpretation if the statutes or statutory scheme are ambiguous and if his interpretation is reasonable."). Overall, the Court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. *Gulick v. Bd. of Env't. Prot.*, 452 A.2d 1202, 1209 (Me. 1982).

Respondent urges the Court to deny Petitioner's request for relief citing Petitioner's failure to raise the issues at the initial hearing. The record contains no evidence that establishes that Petitioner raised the appropriateness of the trafficking charge or the timing of the medications charge at the initial hearing.[1] Respondent's waiver claim, therefore, has merit.

Even if the Court were to consider the Petitioner's argument, the Court cannot conclude that Respondent erred. First, because the record reflects that Petitioner did not offer any testimony or statements at the hearing, there is no evidence of record to support Petitioner's contention that he was improperly charged with trafficking.[2] In addition, because the notice by which the hearing was scheduled plainly identified "B – medications" as one of the charges, Petitioner had sufficient notice of the charges before the hearing.

Conclusion

Based on the foregoing analysis, the Court denies Petitioner's request for relief.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 7/26/13

Justice, Maine Superior Court

---

[1] The record does show that Petitioner raised the issues in his appeal to the Chief Administrative Officer.

[2] Although Petitioner asserted in his appeal to the Chief Administrative Officer that the medication found was prescribed to him by the medical department, there was no evidence presented at the hearing on that issue.

3

Action:  Petition for Judicial Review          **J. Nivison**
         80C

| Chris Avery | vs. | Maine State Prison |

| Plaintiff's Attorney | Defendant's Attorney |

Chris Avery, Pro Se          Diane Sleek, AAG
807 Cushing Road             6 State House Station
Warren, Maine 04864          Augusta, Maine 04333-0006

Date of Entry

| | |
|---|---|
| 3/26/12 | Petition for Judicial Review of Final Agency Action, filed. s/Avery, Pro Se<br>Application to Proceed Without Payment of Fees, filed. s/Avery, Pro Se<br>Indigency Affidavit, filed. s/Avery, Pro Se<br>Certificate, filed. s/ Wonda Faxon, Acct Tech |
| 4/2/12 | ORDER, Mills, J.<br>It is ORDERED that: the filing fee is waived. the service cost shall be paid as an expense of administration.<br>Copy to party. |
| 5/29/12 | Letter, filed. s/Avery, Pro Se |
| 5/30/12 | Letter sent to Mr. Avery regarding service. s/Michele Lumbert, Clerk |
| 6/14/12 | Letter regarding service, with attachments.  s/Avery, Pro Se |
| 6/20/12 | Letter sent to Mr. Avery regarding service.  s/Michele Lumbert,Clerk |
| 8/17/12 | Motion for Stay Pending Payment of Filing Fee, filed. s/Sleek, AA<br>Affidavit of Vonda Faxon, filed. s/Faxon<br>Proposed Order, filed. |
| 10/11/12 | ORDER, Nivison, J.<br>After consideration of the respondent's motion for stay pending payment of filing fee, that motion is granted.<br>Copies to Atty/Party |
| 10/12/12 | Partial filing fee paid in the amount of $60.53. (9/11/12)<br>Copy of docket sheet mailed to party/atty. |
| 10/18/12 | Letter received from Petitioner, filed. s/Avery, Pro Se<br>Sent letter to petitioner |
| 11/8/12 | Partial payment of filing fee from Dept. of Corrections ($5.00) |
| 11/14/12 | Letter requesting a Default Judgment, filed. s/Avery, Pro se |

| 11/14/12 | Certified copy of Record, filed. s/Sleek, AAG (filed 11/13/12) |
| 11/15/12 | Notice and Briefing Schedule issued:<br>Copies to atty/party |
| 12/21/12 | Brief, filed. s/Avery, Pro Se |
| 1/7/13 | Copy of letter, filed. s/Sleek, AAG |
| 2/8/13 | Respondent's Brief, filed. s/Sleek, AAG |
| 3/6/13 | Reply Brief, filed. s/Avery, Pro Se |
| 3/7/13 | Partial payment of filing fee from Dept. of Corrections ($10.00) |
| 6/14/13 | Oral argument scheduled 7/16/13 at 12:00 p.m.<br>Notice of Hearing mailed to Petitioner and AAG Sleek |
| 6/19/13 | Partial payment of filing fee from Dept. of Corrections ($20.00) |
| 6/19/13 | Writ of Habeas Corpus to Testify ordered by J. Nivison, 6/18/13. Issued.<br>Attested copies to Kennebec S.O. |
| 7/9/13 | Letter from Petitioner indicating he is now housed in Charleston at CCF, filed 7/5/13.<br>s/Avery, Pro Se<br>Copy sent to AAG Sleek |
| 7/12/13 | Partial payment of filing fee from Dept. of Corrections ($5.00). |
| 7/16/13 | Oral argument held.  J. Nivison presiding.<br>Petitioner appeared pro se; Diane Sleek, AAG for Respondent.<br>Tape 1726, Index 2170-2695<br>Under advisement |
| 7/30/13 | DECISION AND ORDER, Nivison, J.  (7/26/13)<br>The Court denies Petitioner's request for relief.<br>Copy to Petitioner and AAG Sleek.<br>Copy to repositories. |
| 7/30/3 | Notice of removal of Record mailed to AAG Sleek. |